```
                    UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


AMERICAN LIFE INSURANCE        :    CIVIL NO. 1:07-CV-0861
COMPANY,                       :
                               :
          Plaintiff            :
                               :    (Magistrate Judge Smyser)
     v.                        :
                               :
JAMIE L. ZINK, CHARLES B.      :
ZINK and JANET M. ZINK,        :
                               :
          Defendants           :
```

**REPORT AND RECOMMENDATION**


The plaintiff, American General Life Insurance Company, commenced this action by filing a complaint for interpleader relief.  The plaintiff insured the life of Scott Zink under a life insurance policy issued in 1995.  In 2005, Scott Zink died.  The plaintiff is obligated to pay the benefits due under the policy.  However, the plaintiff alleges that there are potential competing claims to the benefits due under the policy from the defendants.


The defendants are Jamie L. Zink - Scott Zink's wife and the designated beneficiary under the policy - and Charles B. Zink and Janet M. Zink - Scott Zink's parents and contingent beneficiaries under the policy.  The plaintiff alleges that there are potential competing claims because

defendant Jamie L. Zink is or may be suspected of involvement in the death of Scott Zink and that if she was involved her involvement would disqualify her as a beneficiary under the policy by virtue of 20 Pa.C.S.A. § 8801 *et seq.*

On July 5, 2007, defendant Jamie L. Zink filed an answer to the complaint.

Defendants Charles B. Zink and Janet M. Zink waived service of the summons and complaint. *See Docs. 6 & 7.* They, however, have not entered an appearance in this case. On August 6, 2007, the Clerk of Court entered the default of Charles B. Zink and Janet M. Zink. *See Docs. 12 & 13.*

On August 10, 2007, the plaintiff and defendant Jamie L. Zink filed a joint case management plan in which they consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c). On the basis of the joint case management plan, the Clerk of Court reassigned the case from Judge Conner to the undersigned.

On September 25, 2007, the plaintiff filed a motion for a default judgment against defendants Charles B. Zink and

2

Janet M. Zink.  Also on September 25, 2007, the plaintiff filed a brief in support of its motion for a default judgment.

On November 9, 2007, the plaintiff filed a motion for a final decree for interpleader relief requesting either an order directing it to pay the benefits due under the policy to defendant Jamie L. Zink or an order directing it to deposit the benefits due under the policy with the court and dismissing it from this action.  The plaintiff also filed a stipulation for the court's approval.  The stipulation is signed by counsel for the plaintiff and counsel for defendant Jamie L. Zink and provides that Jamie L. Zink is not responsible for payment of the plaintiff's attorney's fees and/or costs in this matter and that Jamie L. Zink agrees to relinquish any bad faith litigation or action pertaining to the actions or inactions of the plaintiff related to the policy.

The unopposed motion for default judgment against defendants Charles B. Zink and Janet M. Zink should be granted.  However, since defendants Charles B. Zink and Janet M. Zink have not consented to proceed before a magistrate

judge, the undersigned can not enter default judgment against them.  See *Henry v. Tri-Services, Inc.*, 33 F.3d 931, 932 (8th Cir. 1994)(party in default did not waive right to have judgment entered by and motion to vacate default judgment decided by Article III judge).  Therefore, by a separate order we have directed the Clerk of Court to reassign this case to a district judge.  We will proceed by recommending a disposition of this case.

Based on the foregoing, it is recommended that the motion for a default judgment against defendants Charles B. Zink and Janet M. Zink be granted.  Since defendants Charles B. Zink and Janet M. Zink have not made a claim in this case to the proceeds of the policy, it is also recommended that the court order the plaintiff to pay the benefits due under the policy to defendant Jamie L. Zink.  More specifically and in accordance with a proposed order filed by the plaintiff, it is recommended that the court enter an order ordering: 1) that the plaintiff pay $128,153.00 plus 3% simple interest accrued from March 29, 2005 to "Jamie L. Zink and Goldberg Katzman as her attorneys;" 2) that the plaintiff is otherwise discharged of and from absolutely any and all liability arising out of Policy Number 6163372 and on account of the

4

death of Scott Zink; 3) that the plaintiff, after payment of the proceeds to Jamie L. Zink, shall have no further liability whatsoever to any named party; and 4) that defendants Jamie L. Zink, Charles B. Zink and Janet M. Zink are currently and perpetually restrained and enjoined from instituting or prosecuting any proceedings against the plaintiff in any state or any United States Court or administrative tribunal in any way relating to Policy Number 6163372 or the subject proceeds.  It is further recommended that the court sign the stipulation filed by the plaintiff and defendant Jamie L. Zink and that the case be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  November 15, 2007.